UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DOMINIQUE DARDEN, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:24-cv-01400-HEA |
| WESLEY BELL et al., | ) ) ) |
| Respondents. | ) |

**OPINION, MEMORANDUM AND ORDER**

Dominique Darden, a self-represented inmate at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri, seeks a writ of habeas corpus (ECF No. 1) and moves for leave to proceed *in forma pauperis* (ECF No. 2). For the reasons set forth below, the Court dismisses the petition.

**I.   Background**

This case arises from several of Darden's state criminal proceedings. *See State v. Darden*, Nos. 21SL-CR05238, 21SL-CR01132, 22SL-CR03581, and 23SL-CR04077 (21st Jud. Cir.). Darden pleaded guilty in each case.[1]

It is unclear which of Darden's allegations pertain to which case. He asserts that Judge Krista S. Peyton violated his due process rights by "wavering" his arraignment on September 23, 2024, thereby preventing his public defender, John Thomas, from obtaining an immediate court date at which Darden could plead guilty and receive a sentence of time served. Darden further claims that Mr. Thomas rendered ineffective assistance of counsel by "not executing [Darden's]

---

[1] This information comes from Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

wavering of the arraignment[.]" Darden asks the Court to remove Thomas as counsel and bar him from practicing law.

Darden also asserts malicious prosecution and obstruction-of-justice claims against former St. Louis County Prosecuting Attorney Wesley Bell, alleging that Bell negligently violated his due process rights. For relief, Darden seeks appointment of a private attorney, an immediate court date for a plea hearing, release from custody, reassignment of his case to another judge, consent of the prosecuting attorney to a sentence of time served, criminal sanctions against Bell, and $10 million in damages.

## II.   Discussion

Darden does not identify a particular legal basis for his habeas petition. Because he is currently in custody pursuant to the judgment of a state court, the Court considers his petition under 28 U.S.C. § 2254, the exclusive vehicle for challenging state custody. *See Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001). Under Rule 4 of the Rules Governing § 2254 Cases, the Court must summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief. Having carefully considered Darden's petition, the Court finds that he is not entitled to relief under § 2254.

Federal habeas relief is available only after a petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b)(1)(A); *Wayne v. Missouri Bd. of Prob. & Parole*, 83 F.3d 994, 996 (8th Cir. 1996). Here, Darden identifies several alleged constitutional violations but fails to demonstrate that he has pursued these claims in the Missouri courts. Instead, he seeks to bypass those procedures with direct intervention from this Court. But exhaustion is a prerequisite to federal habeas review, and the petition must be dismissed.

Additionally, Darden seeks relief that is unavailable in the habeas context. He requests not only immediate release, but also removal of his defense counsel, appointment of a private attorney, reassignment of his state proceedings, sanctions against attorneys, and $10 million in damages. These additional remedies are unavailable under § 2254. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."). To the extent the petition could be read to assert claims under 42 U.S.C. § 1983, those claims belong in a separate action. *See Clark v. Olson*, No. 4:24-CV-1206-HEA, 2024 WL 4454057, at *2 (E.D. Mo. Sept. 27, 2024) ("[I]t would be inappropriate to combine a prisoner civil rights action and a habeas corpus action."). Even so, Darden's claim for damages would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which requires a plaintiff to show that his conviction has been reversed, expunged, or otherwise invalidated before he can recover damages for alleged constitutional violations arising from his criminal prosecution or conviction. Additionally, judges and prosecutors are entitled to absolute immunity for acts taken in their judicial and prosecutorial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976) (prosecutorial immunity).

**III.    Conclusion**

For the foregoing reasons, the Court denies Darden's petition for writ of habeas corpus and dismisses this action under Rule 4 of the Rules Governing § 2254 Cases.

Accordingly,

**IT IS HEREBY ORDERED** that Dominique Darden's petition for writ of habeas corpus (ECF No. 1) is **DENIED** and **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that, because the Court is dismissing the petition, Darden's motion to proceed *in forma pauperis* (ECF No. 2) is **DENIED** as moot.

- 4 -

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c).

A separate Order of Dismissal accompanies this Opinion, Memorandum and Order.

Dated this 12th day of September, 2025.

                                                     HENRY EDWARD AUTREY
                                           UNITED STATES DISTRICT JUDGE